350 S.E.2d 893 (1986)
83 N.C. App. 893
TOWN AND COUNTRY CIVIC ORGANIZATION, an unincorporated association, et al.,
v.
WINSTON-SALEM ZONING BOARD OF ADJUSTMENT, Charles L. Freeman, Isaac C. Rogers, Jonathan Edwards, Rence Callahan, Cynthia C. Dervin, Khalid Fattah Griggs, Amos E. Speas, and Salem Media of N.C., Inc., a North Carolina Corporation doing business as "WTOB Radio Station."
No. 8621SC484.
Court of Appeals of North Carolina.
December 16, 1986.
*894 Pfefferkorn, Pishko & Elliot by David C. Pishko, Winston-Salem, for petitioners-appellants.
Ronald G. Seeber, City Atty., Winston-Salem, for Winston-Salem Zoning Bd. of Adjustment, appellee.
Hutchins, Tyndall, Doughton & Moore by George E. Doughton, Jr., Winston-Salem, for Salem Media, Inc., appellee.
ARNOLD, Judge.
The scope of judicial review for decisions made by a board sitting as a quasi-judicial body involves:
(1) Reviewing the record for errors in law,
(2) Insuring that procedures specified by law in both statute and ordinance are followed,
(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,
(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and
(5) Insuring that decisions are not arbitrary and capricious.
Concrete Co. v. Board of Commissioners, 299 N.C. 620, 626, 265 S.E.2d 379, 383, reh'g denied, 300 N.C. 562, 270 S.E.2d 106 (1980).
Defendant contends that the trial court erred in affirming the Winston-Salem Zoning Board of Adjustment's decision because it was not supported by competent, material and substantial evidence in the record. Before reaching this issue, however, it must first be determined whether the Board had jurisdiction to hear the appeal.
The Rules of Procedure-Zoning Board of Adjustment, Winston-Salem, North Carolina VI. B. states that: "No *895 appeals shall be heard by the Board unless notice thereof is filed within thirty (30) days of the order, requirement, decision or determination by the Superintendent of Inspections." In the case sub judice, appellants filed their appeal on 5 June 1985, one hundred days after the zoning permit was issued. The specified procedure here was not followed. The established rules of the Board are binding on the Board itself, as well as on the public. Refining Co. v. Board of Aldermen, 284 N.C. 458, 202 S.E.2d 129 (1974). The thirty-day rule should have been applied literally. The Board was without jurisdiction to hear the appeal.
Appellants contend that to enforce the thirty-day requirement would deny them due process of law because they did not have notice of the zoning officer's decision within the thirty days immediately following the ruling. We disagree.
While there is evidence which might tend to suggest that WTOB's zoning permit was not posted within thirty days following the issuance of the permit, there is also a finding of fact by the trial court that the radio towers arrived on the site at least thirty days before the petitioners filed their appeal with the Zoning Board. This delivery of the towers provided notice for the appellants, yet they still waited more than thirty days from that date to act. Petitioners were not prejudiced by the thirty-day rule requiring notice to be posted.
By way of dicta, we note that in other circumstances where aggrieved parties entirely lack any form of notice of a zoning officer's decision, there might be a due process question. The thirty-day rule will always be reasonable for the zoning applicant because notice of the zoning officer's decision is necessarily communicated to that individual. Aggrieved parties, however, may be without such notice until after the thirty-day time limit has expired. This matter should be addressed by the Board of Adjustment or the Winston-Salem City Council.
Having determined that the present appeal is barred due to lack of jurisdiction, appellant's contention concerning the validity of the Superintendent of Inspection's decision is not properly before this Court.
Appeal dismissed.
JOHNSON and EAGLES, JJ., concur.
EAGLES, Judge, concurring:
I concur with the majority. I consider it worthwhile to point out that the parties concede that it is the City's practice to not enforce its ordinance requirement that notices be posted. In my judgment this practice of winking at non-compliance is an open invitation for future litigation.