0968

SPANISH WELLS PROPERTY OWNERS ASSOCIATION, INC., Appellant v. BOARD OF ADJUSTMENT OF the TOWN OF HILTON HEAD ISLAND, South Carolina, Respondent.

(357 S. E. (2d) 487)

Court of Appeals

*Phillip C. Lyman,* of *Lyman & Howell,* Hilton Head Island, *for appellant.*

*Curtis L. Coltrane* and *James M. Herring,* both of *Herring & Meyer,* Hilton Head Island, *for respondent.*

Heard March 16, 1987.

Decided May 26, 1987.

*Per Curiam:*

The Hilton Head Island Planning Commission, an agency of Town of Hilton Head Island, approved a preliminary development permit for Calibogue Yacht Club Properties, Inc. Spanish Wells Property Owners Association, Inc. had opposed the application and appealed the Commission's action to the Board of Adjustment, which is also an agency of the Town. The Board of Adjustment denied the appeal. Spanish Wells then appealed the Board's action to the circuit court pursuant to Section 6-7-750, Code of Laws of

South Carolina, 1976. The circuit court granted the Board's motion to dismiss the appeal on the grounds that (1) Calibogue Yacht Club Properties, Inc. is a necessary party to the appeal and the action cannot be maintained under Rule 19, S.C.R. Civ. P., without Calibogue as a party; and (2) Spanish Wells lacks standing to maintain the action. Spanish Wells appeals. We reverse and remand.

The petition appealing the decision of the Board of Adjustment makes the Board the only named party respondent. It alleges various errors of law in the proceedings before the Planning Commission and the Board. In its prayer for relief, Spanish Wells asks the court to:

> Issue judgment reversing the final decision and Order of the Respondent Board and charge Respondent Board with Petitioner's reasonable attorneys fees and all costs of this action.

> Remand the permit application ... to the Town Planning Commission for such proceedings as are consistent with the Judgment of this Honorable Court.

On the issue of necessary parties, we find this case ■ indistinguishable from *Spanish Wells Property Owners Association, Inc. v. Board of Adjustment,* Opinion No. 86-MO-060 (S. C. Ct. App. filed November 10, 1986), *cert. denied* (S. C. March 24, 1987). In that case, this Court held the permittee was a proper, but not a necessary party on appeal to the circuit court from the action of the Board. Accordingly, we reverse the circuit court's ruling that Calibogue was a necessary party for this appeal.

We also reverse on the issue of standing. Section ■ 6-7-750 states, in pertinent part:

> Any person who may have a substantial interest in any decision of the ... board of adjustment ... may appeal from any decision of the board to. the circuit court ...

Spanish Wells and its members, as the owners of property adjacent to and in the near vicinity of the Calibogue development, are persons with a substantial interest in the Board's decision. The statute, therefore, gives Spanish Wells standing to appeal.

The circuit court erred in applying the traditional common law test of "special damage" rather than the "substantial interest" test of the governing statute. Appeals are unknown at common law; the right of appeal is a creature of statute. *Turner v. Joseph Walker School District No. 9,* 215 S. C. 472, 56 S. E. (2d) 243 (1949); *Cobb v. South Carolina National Bank,* 210 S. C. 533, 43 S. E. (2d) 465 (1947). Where a statute grants a particular class of aggrieved persons the right to appeal, the statute, not the common law, prevails. *See Hook v. Horner,* 95 Idaho 657, 517 P. (2d) 554 (1973); *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A. (2d) 573 (1974); *Schlattman v. Stone,* 511 P. (2d) 959 (Wyo. 1973) (when the common law and a statute are inconsistent, the statute controls); *cf Cobb v. South Carolina National Bank, supra* (the right of appeal is governed by statute); Rule 74, S.C.R. Civ. P. (procedure on appeal to circuit court from decision of an administrative agency shall be in accordance with statute providing such appeal).

Reversed and remanded.