22859

SPANISH WELLS PROPERTY OWNERS ASSOCIATION, INC., Re-
spondent v. BOARD OF ADJUSTMENT OF the TOWN OF HILTON
HEAD ISLAND, South Carolina, Petitioner. In re CALIBOGUE
SQUARE SUBDIVISION.

(367 S. E. (2d) 160)

Supreme Court

*Curtis L. Coltrane and James M. Herring,* of *Herring,
Meyer & Coltrane, P.A.,* Hilton Head Island, *for petitioner.*

*Phillip C. Lyman,* of *Lyman & Howell, P.A.,* Hilton Head
Island, *for respondent.*

Heard March 8, 1988.

Decided April 11, 1988.

*Per Curiam:*

This case involves a development dispute on Hilton Head Island. This Court granted certiorari to review the decision of the Court of Appeals in *Spanish Wells Property Owners Ass'n v. Board of Adjustment,* 292 S. C. 542, 357 S. E. (2d) 487 (Ct. App. 1987). We now reverse and remand.

The Hilton Head Island Planning Commission granted a preliminary development permit to Calibogue Yacht properties, Inc. (Calibogue). Respondent Spanish Wells Property Owners Association, Inc. (Spanish Wells) objected to the issuance and appealed to petitioner Board of Adjustment (Board). The Board denied the appeal, and Spanish Wells appealed to the circuit court. The Board moved to dismiss under Rule 12(b)(7), SCRCP, arguing that Calibogue was a necessary party to the appeal under Rule 19, SCRCP. The circuit court granted the motion to dismiss, but allowed Spanish Wells fifteen days leave to join Calibogue. Spanish Wells instead appealed the order; the Court of Appeals reversed, holding that Calibogue was a proper, but not necessary, party to the appeal.

The sole question we address here is whether a permittee is a necessary party to an action to revoke a development permit.

Other jurisdictions are divided on whether the permittee or successful applicant is a necessary party to an appeal instituted by an aggrieved party. The emerging majority view is that the permittee is a necessary party. *See* 3 Rathkopf, *The Law of Zoning and Planning* § 42.05[3] (4th Ed. 1980 & Supp. 1987) (citing numerous cases espousing "ascending" view); 101A C. J. S. *Zoning and Planning* § 301 (1979).

We find the reasoning behind the majority rule convincing. Designating the permittee a necessary party insures the most vitally interested party's participation in the appellate process. *See Cathcart-Maltby-Clearview Community Council v. Snohomish County,* 96 Wash. (2d) 201, 634 P. (2d) 853 (1981) (owner-applicant is party "most affected" and is necessary to any proceeding to invalidate his interest). Par-

ticipation by the most interested party serves judicial economy. Additionally, the majority rule insures that where a circuit court reverses a permit approval, the permittee will be bound because it is a party to the appeal. *See Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P. (2d) 632 (1973); *accord Board of Commissioners of Mesa County v. Carter,* 193 Colo. 225, 564 P. (2d) 421 (1977); *Lanaux v. City of New Orleans,* 489 So. (2d) 329 (La. Ct. App. 1986); *Schroeder v. Burleigh County Board of Commissioners,* 252 N. W. (2d) 893 (N. D. 1977).

For the foregoing reasons, we adopt the majority rule and hold that a development permittee is a necessary party to an appeal of its permit. The trial court therefore correctly ruled that Calibogue was a necessary party to Spanish Wells' appeal of the permit approval. Accordingly, the decision of the Court of Appeals to the contrary is reversed and the circuit court's order is affirmed.

Reversed.