22886

BOTANY BAY MARINA, INC., Robert H. Faust and Thomas B. Henry, Jr., Appellants v. H. Evans TOWNSEND, et al., Respondents.

(372 S. E. (2d) 584)

Supreme Court

*Thomas Dewey Wise* of *Wise & Cole, P.A.*, Charleston, *for appellants.*

*Harford W. Igleheart* and *Robertson H. Wendt* of *Igleheart & Wendt,* and *T. Allen Legare, Jr.* of *Legare, Hare & Smith,* Charleston, *for respondents.*

Heard, Feb. 3, 1988.

Decided July 11, 1988.

FINNEY, Justice:

Appellants Robert H. Faust and Thomas B. Henry, Jr., as officers and shareholders of Botany Bay Marina, Inc. (Botany Bay), appeal the ruling of Circuit Court Judge Walter J. Bristow, Jr., dismissing their interlocutory appeal and remanding the case to the Charleston County Board of Adjustment (Board of Adjustment) for a hearing on the merits. We reverse the trial court's decision.

In November, 1985, appellants purchased a marina, known as Botany Bay, on Wadmalaw Island, South Carolina. The property upon which Botany Bay is situated is zoned highway-commercial (CH). Appellants initially planned to de-

molish an existing motel and construct another twenty-six unit motel on the site. On May 28, 1986, the Board of Adjustment granted appellants a zoning permit authorizing them to demolish or renovate existing buildings and to construct the motel.

Respondents, who are citizens and residents of Wadmalaw Island, monitored the development and expressed opposition when they discovered that condominiums would be built instead of a motel.[1] Appellants began construction in December 1986.

On January 9, 1987, respondents appealed to the Board of Adjustment challenging the zoning permits issued to appellants. Subsequently the Board of Adjustment held a public hearing at which appellants asserted that respondents' appeal was untimely because the Board of Adjustment's rules of procedure provided that appeals must be filed within fifteen days of an order or decision. Upon hearing arguments on the timeliness issue, the Board of Adjustment adopted a motion that its procedural rules required notice of a right to appeal and notice that an appealable event had occurred. The Board found that respondents had not received notice and, as a consequence, concluded that the time for filing an appeal had not expired. The Board of Adjustment then scheduled a merits hearing to consider respondents' appeal. Appellants appealed the Board's ruling that respondents' appeal challenging the issuance of the permit was timely filed. Chief Administrative Judge Richard Fields ordered the parties to appear before Special Circuit Judge David H. Maring on February 10, 1987, for a hearing to determine a schedule for the disposition of appellants' appeal. As a result of this hearing, Judge Maring (1) found that appellants' appeal was properly before the court pursuant to Rule 72(4) of the South Carolina Rules of Civil Procedure, (2) ordered that the stay on construction activity be continued; and (3) scheduled a hearing on the merits before another circuit judge. Judge Maring also scheduled a supplemental hearing on appellants' motion that respondents post bond pending disposition of the ap-

---

[1] The record supports the fact that respondents became aware of proposed development changes no later than September 30, 1986.

peal. At the supplemental hearing, Judge Maring denied appellants' motion to require respondents to post bond.

Judge Walter J. Bristow, Jr., heard appellants' case on the merits. Subsequently, he issued an order ruling that appellants' interlocutory appeal was not properly before the court pursuant to Rule 72(4) of the South Carolina Rules of Civil Procedure and remanded the case to the Board of Adjustment. He further ruled that appellants failed to present sufficient evidence to overrule the Board's interpretation of its procedural rules requiring notice.

Appellants argue that Judge Bristow erred in ruling that their appeal was interlocutory and, therefore, not immediately appealable under Rule 72(4) of the South Carolina Rules of Civil Procedure. We agree.

The right to appeal a board of adjustment's decision to a circuit court is set forth in Section 4-27-280 of the South Carolina Code of Laws. S. C. Code Ann. § 4-27-280 (1986). While Section 4-27-280 does not address the appealability of interlocutory decisions, Rule 72 of the South Carolina Rules of Civil Procedure provides that:

> Appeal may be taken, as provided by law, from any final judgment or order dismissing an action under these rules. Until final judgment or order of dismissal in an action, an appeal shall be taken from any intermediate or interlocutory order under these rules ...

S. C. Rule Civ. P. 72 (1988). However, Subsection 4 of Rule 72 permits appeal from an interlocutory order when the order is one "granting or refusing a motion to dismiss an action upon the ground that the court lacks jurisdiction over the subject matter ..." S. C. Rule Civ. P. 72(4) (1988). In determining whether appellants were entitled to appeal the Board of Adjustment's decision, we must first ascertain whether a jurisdictional issue is involved.

Charleston County Zoning Board of Adjustment Rule of Procedure Number 10 states that "[a]ll appeals shall be filed within fifteen (15) working days from the making of any decision, order, or requirement in the enforcement or application of the *Zoning Ordinance.*" In the instant case, the Board of Adjustment issued the zoning permits on May 28, 1986, and respondents did not appeal the issuance until

January 9, 1987. The lapse of time clearly exceeded the fifteen-day appeal period.

In *Town & Country Civic Organization v. Winston-Salem Zoning Board of Adjustment*, 83 N.C. App. 516, 350 S. E. (2d) 893 (1986), the North Carolina Court of Appeals held that the Board's thirty day appeal period was binding and the plaintiff's failure to effect a timely appeal extinguished subject matter jurisdiction. 350 S. E. (2d) at 895. Likewise, respondents' failure to appeal the Charleston County Board of Adjustment's decision to grant the zoning permits within fifteen days divested the Board of Adjustment of jurisdiction to hear the appeal. *Id. See also Boutwell v. Town of Fair Haven*, 148 Vt. 8, 527 A. (2d) 225 (1987); *Bertrand v. Zoning Board of Review of the Town of Burrillville*, 99 R. I. 329, 207 A. (2d) 604 (1965). We find that the subject of this appeal involves a jurisdictional issue and, therefore, is subject to appeal pursuant to S. C. Rule Civ. P. 72(4). *See. e.g., Simms v. Phillips*, 46 S. C. 149, 24 S. E. 97 (1896). Accordingly, we conclude that Judge Bristow committed error in reversing Judge Maring's ruling that appellant's appeal was properly before the court.

Having decided that the Board of Adjustment's decision to hear respondents' appeal is an appealable issue, we must now decide whether Judge Bristow erroneously ruled that appellants did not proffer sufficient reasons for overruling the Board's interpretation of its procedural rules requiring notice.

Respondents argue that the Board of Adjustment's decision to hear their appeal was correct as a matter of law and that appellants presented no evidence to reverse the Board's decision. Specifically, the Board of Adjustment unanimously adopted a motion at the hearing which interpreted Procedural Rule Number 10 as requiring notice of a right to appeal and notice that an appealable event had occurred before the fifteen day time period began to run.[2] To buttress

---

[2] "(T)he rule states that all appeals should be filed within fifteen working days from the making of any decision, order or requirement in the enforcement of application of the zoning ordinance. In order to have a fifteen day period of appeal, you have to know you have a right to appeal and that an appealable event has taken place. The rule implies and, therefore, requires that notice be given. It has not been given in this case. Therefore, in fairness to both sides, I move that the appeal was timely filed and we should hear the matter on its merits because all of the effected [sic] parties

the Board's interpretation of its procedural rules, respondents rely on *Spanish Wells Property Owners Ass'n v. Board of Adjustment,* 292 S. C. 542, 357 S. E. (2d) 487 (Ct. App. 1987), *reversed in part on other grounds,* 295 S. C. 67, 367 S. E. (2d) 160 (1988). In *Spanish Wells,* the Court of Appeals held that owners of property adjacent to and in the near vicinity of a development are persons with a substantial interest in the Planning Board's decision and, as a consequence, had standing to appeal to the Board of Adjustment. In the instant case respondents, unlike the appellants in *Spanish Wells,* did not seek to be and were not made parties to the permitting process. Consequently we find respondents' reliance on *Spanish Wells* is misplaced.

Sections 4-27-250 through 280 of the South Carolina ■ Code of Laws, when read in conjunction with Section 4-27-350, clearly indicate that the legislature intended that parties to the *permitting* process would be persons with "substantial interest" and would have the right to appeal. S. C. Code Ann. §§ 4-27-250 to 280 and 4-27-350 (1986). Naturally, such persons would be entitled to notice.[3] *See Spanish Wells,* 357 S. E. (2d) 487-88 (adjacent property owners opposed initial application and appealed the Planning Commission's decision to the Board of Adjustment). Under the circumstances of this case, we conclude that respondents were not entitled to notice.

Because respondents' appeal is barred, we find that there is no need for a merit hearing on appellants' appeal. Furthermore, the stay on the construction activity is, hereby, vacated. Appellants' remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Reversed.

GREGORY, HARWELL, and CHANDLER, JJ., concur.

NESS, C. J., concurs in result only.

---

have not received notice." *Member Craven, Board of Adjustment,* Transcript of Record, Page 68.

[3] The Board of Adjustment's decision that notice is required before the appeal period begins to run could bring about the death knell to finality in administrative decision-making. The logic of the Board's decision would require county governments to promulgate or disseminate notices of every zoning permit issued to unknown and undefined classes of persons and business entities.