658 S.E.2d 544

The **FRIENDS OF McLEOD, INC.,** Appellants,

v.

**CITY OF CHARLESTON, City of Charleston Board of Zoning Appeals and American College of the Building Arts, Respondents.**

No. 4338.

Court of Appeals of South Carolina.

Heard Nov. 7, 2007.

Decided Jan. 17, 2008.

Rehearing Denied March 25, 2008.

Patrick F. Stringer, of Charleston, for Appellants.

Timothy A. Domin, William L. Howard, Sr., Stephen L. Brown, and Russell G. Hines, all of Charleston, for Respondents.

CURETON, J.:

Friends of McLeod, Inc. (Friends) appeals the circuit court's determination that its appeal was untimely and that it lacked standing to appeal the decision of the City of Charleston Board of Zoning Appeals (Board) granting the American College of the Building Arts (College) a special exception. Friends also argues the circuit court erred in failing to find the Board acted arbitrarily and abused its discretion in granting the special exception. We affirm as modified.

## FACTS

Originally, this matter began with a request by the College to Charleston City Council to rezone McLeod Plantation to a

School (S) Overlay Zone district. At the time the area was zoned residential. The request arose from the College's desire to purchase the McLeod Plantation from the Historic Charleston Foundation (Foundation) and establish a small college devoted exclusively to teaching construction and preservation techniques on old and/or historic structures. Charleston City Council approved the rezoning. The College then applied to the Board for a special exception to operate the College within the School (S) Overlay Zone district. Both proponents and opponents heavily attended the Board's hearing on the exception. After hearing the College's proposal, the Board initially denied the special exception. Immediately thereafter, a Board member made a motion to allow the special exception upon the condition the College operate with no more than one hundred persons, including students, faculty, and staff. The Board then voted to grant the exception. Subsequently, Friends, a collective group of individuals, requested the Board reconsider its approval. The Board denied Friends' motion to reconsider, and Friends appealed to the circuit court.

Friends filed its initial appeal within the thirty-day time limit prescribed by statute, but the summons and complaint named only the City of Charleston (City) and the Board as parties. Several months later, Friends filed a motion to amend the complaint and, pursuant to a consent order, joined the College as a party. The circuit court found Friends did not timely perfect its appeal because Friends failed to name College, a necessary party in the action, as a party within the thirty-day time period for appeals allowed in decisions from a zoning board. Additionally, the court found Friends neither had standing nor suffered any individualized harm based on the record presented to the Board. In the interests of judicial economy, the circuit court affirmed the Board's decision on the merits. This appeal followed.

## STANDARD OF REVIEW

 "[T]he findings of fact by the Board shall be treated in the same manner as findings of fact by a jury, and the court may not take additional evidence." S.C.Code Ann. § 6–29–840(A) (Supp.2006). *See also Heilker v. Zoning Bd. of Appeals for City of Beaufort*, 346 S.C. 401, 405, 552 S.E.2d 42, 44

(Ct.App.2001). In reviewing the questions presented by the appeal, the court shall determine only whether the decision of the Board is correct as a matter of law. *Id.* Furthermore, "[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Rest. Row Assocs. v. Horry County,* 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.* The timeliness of an appeal from a zoning board's decision is a jurisdictional requirement and, as such, may be raised at any time by either party or sua sponte by this court. *Vulcan Materials Co. v. Greenville County Bd. of Zoning Appeals,* 342 S.C. 480, 489, 536 S.E.2d 892, 896 (Ct.App.2000).

## LAW/ANALYSIS

■ As a threshold issue Friends asserts the circuit court erred in holding the appeal was untimely because Friends failed to include College as a proper party. We disagree.

Under South Carolina law:

A person who may have a substantial interest in any decision of the board of appeals ... may appeal from a decision of the board to the circuit court ... by filing with the clerk of the court a petition in writing ... [and said] appeal must be filed within thirty days after the decision of the board is mailed.

Friends maintains the statute's only requirement is that the appeal be filed within the thirty-day time period. Having timely filed its appeal, Friends argues, a party should be able to amend its pleadings to add a necessary party to the lawsuit.

Our supreme court has announced that development permittees are necessary parties to appeals of their respective permits. *Spanish Wells Property Owners Ass'n v. Bd. of Adjustment of the Town of Hilton Head Island,* 295 S.C. 67, 69, 367 S.E.2d 160, 161 (1988). *Spanish Wells* confronted the court with a situation similar to the one here. The circuit court had dismissed an appeal from a decision of the Hilton Head Island Planning Commission for failure to name the development permittee but had allowed the appellant fifteen

days leave to add the permittee as a party. *Id.* at 67, 367 S.E.2d at 161. Instead, the appellant appealed the court's ruling that a development permittee is a necessary party. Our supreme court, addressing only that issue, adopted the majority view that a development permittee is a necessary party to an appeal of its permit. *Id.* at 69, 367 S.E.2d at 161.

■ College, City, and Board (collectively Respondents) maintain the appeal is not timely and must be dismissed because College, as a necessary party, was not named in the initial appeal or added within the thirty-day appeal period provided by section 6–29–820. Respondents argue that the Rules of Civil Procedure do not govern an appeal from a decision of a zoning board. *Austin v. Board of Appeals,* 362 S.C. 29, 38, 606 S.E.2d 209, 214 (Ct.App.2004). Indeed, *Austin* states that the procedures governing appeals from zoning boards are prescribed by statute, and the statute makes no provision for "amendment of the grounds set forth in the petition." *Id.* at 37, 606 S.E.2d at 213. *But see Botany Bay Marina, Inc. v. Townsend,* 296 S.C. 330, 333, 372 S.E.2d 584, 585 (1988) (wherein our supreme court stated that former section 4–27–280 governed appeals of a board of adjustment decision to the circuit court, but the statute did not "address the appealability of interlocutory decisions" of the board. The court then applied former Rule 72 of the Rules of Civil Procedure and concluded that the interlocutory order of the board was appealable). Moreover, in *Spanish Wells,* the Board of Adjustment moved pursuant to Rule 12(b)(7), SCRCP, arguing the development permittee was a necessary party to the appeal under Rule 19, SCRCP. 295 S.C. at 68, 367 S.E.2d at 161. Additionally, Rule 74, SCRCP, recognizes that statute governs the procedure on appeal to the circuit court from the decision of inferior tribunals and states further that "[n]otice of appeal to the circuit court *must* be served on all parties within thirty (30) days after receipt of written notice" of the decision from which appeal is made. Rule 74, SCRCP (emphasis added). Clearly, the College was a party to the proceeding before the zoning board because it was the applicant for the special exception. However, Friends does not contend College was served with the appeal documents within thirty days of the mailing of the board decision. The timeliness of an appeal from the decision of a zoning board is

jurisdictional. *Vulcan Materials*, 342 S.C. at 489, 536 S.E.2d at 896. We therefore affirm the decision of the circuit court dismissing the appeal for Friends' failure to file and serve the notice of appeal on College within thirty days of receipt of notice thereof.[1]

Having concluded Friends' appeal is untimely, we vacate the remainder of the circuit court's order discussing standing and the merits.[2] The decision of the circuit court is accordingly

**AFFIRMED AS MODIFIED.**

KITTREDGE and THOMAS, JJ., concur.

---

1. We recognize section 6–29–280 provides that the time for appeal runs from date of mailing (apparently to the parties). We do not know how or when Friends received notice of the decision of the Board, but the date Friends received notice of the Board's decision is not an issue on appeal.

2. While we agree with the trial court that Friends' appeal was untimely and thus the trial court did not have jurisdiction to decide the appeal on the merits, we nevertheless note that were we to decide the appeal on the merits we would affirm the trial court.