THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth Dippel
 & Kimber Fowler, Appellants,
 
 
 
 

v.

 
 
 
 
 Horry County
 Planning Department, Respondent.
 
 
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No.  2011-UP-108
 Submitted March 1, 2011  Filed March 16,
2011

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Kenneth Dippel and Kimber Fowler, both of
 Loris, pro se. 
 John L. Weaver, of Conway, for Respondent.
 
 
 

PER CURIAM:  Kenneth Dippel and Kimber Fowler (Appellants), pro se,
 appeal the circuit court's (1) denial of their motion for an order of reference
 and change of venue and (2) the grant of the Horry County Planning Department's
 (the Department) motion to strike and motion to dismiss.  We affirm in part,
 reverse in part, and remand.[1]
This appeal concerns the Department's
 refusal to approve Appellants' submitted plat.  After the Department did not
 approve the plat, Appellants unsuccessfully appealed to the Horry County
 Planning Commission.  Subsequently, Appellants appealed this determination to
 the circuit court.  Appellants' appeal, manifested in a lengthy document styled
 as a "complaint," alleged three causes of action.  Appellants
 asserted (1) a judicial taking, (2) the Department's failed to comply with a
 court order, and (3) an action that constituted an appeal of the Planning Commission's
 adverse determination.  Upon motion by the Department, the circuit court struck
 all allegations and causes of action not related to a direct appeal of the
 Planning Commission's plat determination.  Subsequently, the circuit court
 dismissed the appeal on procedural grounds because Appellants failed to file a
 pre-litigation request for mediation with the notice of appeal and failed to
 join necessary parties.  Appellants appealed this decision, asserting the
 circuit court erred in striking actions from their complaint and in dismissing their
 appeal.  Appellants also contend error in the denial of their motion for an
 order of reference and change of venue.
"A property owner whose
 land is the subject of a decision of the planning commission may appeal by
 filing a notice of appeal with the circuit court accompanied by a request for
 pre-litigation mediation in accordance with section 6-29-1155."  S.C. Code
 Ann. § 6-29-1150(D)(2) (Supp. 2010). "If a property owner files a notice
 of appeal with a request for pre-litigation mediation, the request for
 mediation must be granted . . . ."  S.C. Code Ann. § 6-29-1155(A) (Supp.
 2010).  When interpretation of a statute is required, "words must be given
 their plain and ordinary meaning without resort to subtle or forced
 construction to limit or expand the statute's operation."  State v.
 Blackmon, 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991).
We find the circuit court
 erred in basing the dismissal of Appellants' appeal on their failure to file a
 request for pre-litigation mediation.  The Department contends sections 6-29-1150
 and 6-29-1155 require the mandatory filing of a request for mediation along
 with a notice of appeal in order to properly appeal a decision by the Planning
 Commission.  We believe a plain and ordinary reading of the statute reveals
 that it merely informs a potential appellant of the option and procedure for
 filing a request for mediation.  Specifically, section 6-29-1150(D)(2) provides
 a property owner "may appeal by filing a notice of appeal with the circuit
 court accompanied by a request for pre-litigation mediation in accordance with
 section 6-29-1155."  Section 6-29-1155 in turn provides: "[i]f a
 property owner files a notice of appeal with a request for pre-litigation
 mediation . . . ."  Reading these two sections together indicates the
 mediation request is an optional step in appealing the decision of a planning
 commission.  Accordingly, we reverse the circuit court's grant of dismissal on
 this ground.
As a second ground for
 dismissal, the circuit court found Appellants failed to join necessary
 parties.  We find the circuit court erred in failing to make findings of fact
 to support the dismissal of Appellants' appeal for failure to join necessary
 parties.

 A
 person who is subject to service of process and whose joinder will not deprive
 the court of jurisdiction over the subject matter of the action shall be joined
 as a party in the action if (1) in his absence complete relief cannot be
 accorded among those already parties, or (2) he claims an interest relating to
 the subject of the action and is so situated that the disposition of the action
 in his absence may (i) as a practical matter impair or impede his ability to
 protect that interest or (ii) leave any of the persons already parties subject
 to a substantial risk of incurring double, multiple, or otherwise inconsistent
 obligations by reason of his claimed interest.

Rule 19, SCRCP.  "[A]
 development permittee is a necessary party to an appeal of its permit."  Spanish
 Wells Prop. Owners Ass'n, Inc. v. Bd. of Adjustment of Town of Hilton Head
 Island,  295 S.C. 67, 69, 367 S.E.2d 160, 161 (1988).  "Designating the permittee a necessary party insures
 the most vitally interested party's participation in the appellate process."  Id. at 68, 367 S.E.2d at 161.  "In all actions tried upon
 the facts without a jury . . . the court shall find the facts specially and
 state separately its conclusions of law thereon."  Rule 52, SCRCP.    

 We do
 not require a lower court to set out findings on all the myriad factual
 questions arising in a particular case.  But the findings must be sufficient to
 allow this [c]ourt, sitting in its appellate capacity, to ensure the law is
 faithfully executed below. The absence of factual findings makes our task of
 reviewing the court order impossible because "the reasons underlying the
 decision [are] left to speculation."  

 In re Treatment and Care
 of Luckabaugh, 351 S.C. 122, 133, 568 S.E.2d 338, 343 (2002).
  The circuit court's order
 relies on Spanish Wells to support the contention that Appellants failed
 to join necessary parties to the appeal of the Planning Commission decision.[2] 
 The order indicates unnamed parties were necessary because the determination of
 the Planning Commission directly affected their existing access to these
 parcels.  The circuit court's order states, "These parties occupy an
 analogous position to an owner whose application approval is appealed, since
 appeal could result in reversal of the access rights recognized by the Planning
 Commission."  Notwithstanding these analogies, the paucity of information
 concerning the purported necessary parties makes it difficult to determine if
 the circuit court's legal conclusions are correct.  See Luckabaugh,
 351 S.C. at 132-133, 568 S.E.2d at 343 (quoting Coble v. Coble, 268
 S.E.2d 185, 189 (N.C.1980)) ("Trial courts, sitting without juries in an
 action at law, write their findings specially and separately: to allow a
 reviewing court to determine from the record whether the judgment and the legal
 conclusions which underlie it represent a correct application of the law. The
 requirement for appropriately detailed findings is thus not a mere formality or
 a rule of empty ritual; it is designed instead to dispose of the issues raised
 by the pleadings and to allow the appellate courts to perform their proper
 function in the judicial system."). 
 The circuit court's order neither provides the identities of the purported
 necessary parties nor fully describes how these parties are "directly
 affected" by the Planning Commission's determination beyond unspecified
 effects on their existing access.  Accordingly, we remand for the circuit court
 to clarify the nature and identity of the purported necessary parties and if
 necessary to consider the appeal on its merits.
To the extent Appellants
 asserted original causes of action in their appeal from the Planning Commission,
 the circuit court's decision is affirmed.
Finally, we affirm the
 circuit court's denial of Appellants' motion for an order of reference and
 change of venue.  Because the underlying action is an appeal from a planning
 commission decision, reference to a master-in-equity is not appropriate
 pursuant to Rule 53, SCRCP, and the circuit court did not err.  Likewise, venue
 in Horry County is proper and we find no error in the circuit court's denial of
 this motion.     
AFFIRMED IN
 PART, REVERSED IN PART, AND REMANDED.
FEW, C.J.,
 KONDUROS, J., and CURETON, A.J., concur

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] The order does not reveal the identity of these
 parties.