**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Consumer Affairs,
Respondent,

v.

Entera Holdings, LLC, and Entera Work Compensation
Solutions, LLC, Appellants.

Appellate Case No. 2014-000246

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2015-UP-102
Submitted January 1, 2015 – Filed March 4, 2015

**AFFIRMED**

David Hill Keller, of Constangy Brooks & Smith, LLP,
of Greenville, for Appellants.

Hana Pokorna-Williamson, Elliott F. Elam, Jr., and J.
Matthew Aronson, all of the South Carolina Department
of Consumer Affairs, of Columbia, for Respondent.

**PER CURIAM:** Entera Holdings, LLC and Entera Work Compensation Solutions, LLC (collectively, Entera) appeal the Administrative Law Court's (ALC) dismissal of their request for a contested case. Entera argues: (1) the Department of Consumer Affairs (the Department) never properly served its final decision; (2) the Department's letter informing Entera of its decision did not constitute a final agency decision; (3) Entera was not afforded an opportunity for a contested case before the Department; (4) Entera timely filed its request for a contested case within thirty days of receiving notice of the Department's final decision; and (5) the Department improperly supplemented the record after Entera filed its response to the Department's motion to dismiss. We affirm.

1. As to issue one, we find the Department provided the required notification of its decision. *See* S.C. Code Ann. § 40-68-160(E) (2011) (requiring that an entity subject to disciplinary action by the Department must be given notice of the decision); S.C. Code Ann. § 1-23-350 (2005) (requiring final agency decisions be in writing or stated in the record and directing that "[p]arties shall be notified either personally or by mail of any decision or order"); Rule 5, SCALCR ("Service shall be made upon counsel if the party is represented, or if there is no counsel, upon the party. Service shall be made by delivery . . . .").

2. As to issue two, we find the document the Department sent to Entera was the final agency decision because "Final Agency Decision" was capitalized, underlined, and written in bold letters at the top of the document.

3. As to issue three, we find Entera could only challenge the Department's decision in a contested case hearing before the ALC. *See* S.C. Code Ann. § 40-68-160(B) (2011) ("The [D]epartment may take disciplinary action against a . . . person engaging in professional employer services without a license . . . ."); § 40-68-160(E) ("All contested hearings pursuant to this section are before the [ALC].").

4. As to issue four, we find substantial evidence supports the ALC's finding Entera received notice of the decision on August 23, 2013. Therefore, its request for a contested case was untimely, and the ALC did not have jurisdiction to hear the case. *See Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC] should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); S.C. Code Ann. § 1-23-600(B) (Supp. 2014) ("All requests for a hearing before the [ALC] must be filed in accordance with the [ALC's] rules of procedure."); Rule 11(C), SCALCR (stating a request for a

contested case hearing before the ALC "must be filed and served within thirty (30) days after actual or constructive notice of the agency's determination"); *Botany Bay Marina, Inc. v. Townsend*, 296 S.C. 330, 334, 372 S.E.2d 584, 585-86 (1988) (finding the failure to appeal the Board of Adjustment's zoning decision within the fifteen days allowed for filing an appeal divested the Board of Adjustment of jurisdiction to hear the appeal), *overruled on other grounds by Woodard v. Westvaco Corp.*, 319 S.C. 240, 460 S.E.2d 392 (1995); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) (stating "[s]ervice of the notice of intent to appeal is a jurisdictional requirement," and courts are unable to extend or expand the time in which the notice of appeal must be served).

5. As to issue five, we find the Department complied with Rule 19, SCALCR, in filing its reply and did not improperly supplement the record. *See* Rule 19(A), SCALCR (providing procedures for pre-hearing motions, responses, and replies).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.