**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Justin O'Toole Lucey, Appellant,

v.

The Town of Mount Pleasant, South Carolina, and WIN515, LLC, Respondents.

Appellate Case No. 2023-001006

───────────

Appeal From Charleston County
R. Keith Kelly, Circuit Court Judge

───────────

Unpublished Opinion No. 2025-UP-012
Heard November 1, 2024 – Filed January 15, 2025

───────────

**AFFIRMED**

───────────

Jeffrey Scott Tibbals, Sr. and Evan Patrick Williams, both of Bybee & Tibbals, LLC, of Mount Pleasant, for Appellant.

Ross A. Appel, of McCullough Khan, LLC, of Mt. Pleasant, for Respondent WIN515, LLC.

Stephen Lynwood Brown, Russell Grainger Hines, Brian Lee Quisenberry, and Zachary Meade Kern, all of Clement Rivers, LLP, of Charleston, for Respondent The Town of Mount Pleasant.

**PER CURIAM:**  Justin O'Toole Lucey appeals from an order granting dismissal to The Town of Mount Pleasant, South Carolina (the Town) and WIN515, LLC (collectively, Respondents), arguing the circuit court erred in, *inter alia*, finding he lacked statutory standing.  We affirm.

## FACTS

On August 25, 2021, the Town's Commercial Design Review Board (DRB) granted preliminary approval to WIN515 to develop a three-story mixed-use retail and office building on its property at 515 Coleman Boulevard in Mount Pleasant. After agenda meetings, during which numerous individuals opposed the project, DRB denied final approval.  Approximately six months later, the issue was placed on the agenda for DRB's June 29, 2022 meeting.  By letter dated June 27, 2022, Lucey objected, arguing the Town's ordinances barred reconsideration of a denied project for one year absent substantial change, which had not occurred.  DRB received numerous other letters opposing the project, primarily due to traffic and safety concerns, and a letter from WIN515's counsel, noting DRB's sole role was restricted to aesthetic matters, and it had "no jurisdiction over traffic and safety matters."  DRB granted final approval by unanimous vote at the June 29 public meeting.

Lucey filed this action, seeking reversal of the final approval.  WIN515 moved to dismiss the complaint.  The Town filed a Notice of Opposition and memo in support of WIN515's motion to dismiss, arguing Lucey's challenge was "procedurally and jurisdictionally defective."  Lucey opposed the motion.

After a hearing, the circuit court granted the motion to dismiss, finding Lucey (1) lacked statutory standing to appeal DRB's decision because he was not an owner of property "adjacent to and in the near vicinity of the proposed development"; (2) failed to name DRB, which was a necessary party to the action; (3) failed to timely serve DRB; and (4) failed to exhaust his administrative remedies.  The court also denied Lucey's motion to reconsider.  As to standing, the court found a June 27, 2022 letter attached to Lucey's complaint, which referenced two additional properties he owned,[1] was not part of the record and could not be considered for

---

[1] The addresses owned by Lucey referenced in his complaint are his law firm at 415 Mill Street and residence at 634 Rue De Muckle.  The court found two other properties, 510 Coleman Boulevard and 510 Live Oak Drive, were first mentioned

the first time in his motion to reconsider. The court additionally found Lucey failed to demonstrate how he was uniquely impacted by the project and failed to articulate an individualized injury; thus, the alleged harms were conjectural and hypothetical, rendering them insufficient to show the required "substantial interest" that would confer statutory standing. The court concluded Lucey's allegations of alleged harm from the project focused on traffic and safety issues, which were unsupported in the record and irrelevant in any event because DRB is a board of architectural review and traffic and safety issues are outside its purview. In addition, the court found Lucey failed to establish public importance standing. This appeal followed.

## LAW/ANALYSIS

Lucey argues the circuit court erred in finding he lacked statutory standing to appeal the DRB's decision. We disagree.

"Statutory standing exists, as the name implies, when a statute confers a right to sue on a party, and determining whether a statute confers standing is an exercise in statutory interpretation." *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013). "We review questions of statutory interpretation de novo." *Books-A-Million, Inc. v. S.C. Dep't of Revenue*, 437 S.C. 640, 642, 880 S.E.2d 476, 477 (2022). However, as to factual findings of a local zoning board, our review is limited because "[t]he findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury . . . ." S.C. Code Ann. § 6-29-840(A) (Supp. 2024). "A jury's factual findings will not be disturbed on appeal unless the record contains no evidence reasonably supporting the jury's findings." *Boehm v. Town of Sullivan's Island Bd. of Zoning Appeals*, 423 S.C. 169, 182, 813 S.E.2d 874, 880 (Ct. App. 2018).

The circuit court found Lucey lacked statutory standing to appeal DRB's decision because he failed to establish he had a "substantial interest" in the project. "Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." *Michael P. v. Greenville Cnty. Dep't of Soc. Servs.*, 385 S.C. 407, 415, 684 S.E.2d 211, 215 (Ct. App. 2009). "Standing may be

---

by Lucey in his motion to reconsider; thus, they could not be considered. *See Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (finding an issue raised for the first time in a motion to reconsider was not preserved where the issue could have been raised prior to judgment).

acquired (1) by statute, (2) under the principle of 'constitutional standing,' or (3) via the 'public importance' exception to general standing requirements." *Pres. Soc'y of Charleston v. S.C. Dep't of Health & Env't Control*, 430 S.C. 200, 209-10, 845 S.E.2d 481, 486 (2020). Because there is a statute governing the right to appeal a decision of DRB to the circuit court, this case initially involves statutory standing. *See* S.C. Code Ann. § 6-29-900(A) (Supp. 2024) ("A person who may have a substantial interest in any decision of the board of architectural review . . . may appeal from any decision of the board to the circuit court . . . .").[2]

In *Spanish Wells Property Owners Association v. Board of Adjustment of Town of Hilton Head Island*, this court found a "substantial interest" by "owners of property adjacent to and in the near vicinity of the [proposed] development" in finding the appellant had standing to appeal the board's decision. 292 S.C. 542, 544, 357 S.E.2d 487, 487 (Ct. App. 1987), *rev'd on other grounds*, 295 S.C. 67, 367 S.E.2d 160 (1988). Here, we find the circuit court did not err in finding Lucey lacked statutory standing because his properties are not adjacent to or in the near vicinity of WIN515's property.

---

[2] To the extent Lucey argues the circuit court erred in finding he did not have constitutional or public importance standing, or erred in "conflating and combining" constitutional standing with statutory standing, we also affirm. *Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518 ("When no statute confers standing, the elements of constitutional standing [or the public importance exception] must be met."); *ATC S., Inc. v. Charleston County*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008) (reviewing whether the appellant had constitutional or public importance standing after finding the appellant did not have statutory standing because he was not an adjoining landowner as required by the statute); *Youngblood*, 402 S.C. at 317-18, 741 S.E.2d at 518 (stating the requirements of constitutional standing are "an injury-in-fact which is a concrete, particularized, and actual or imminent invasion of a legally protected interest," "a causal connection . . . between the injury and the challenged conduct," and the likelihood "that a favorable decision will redress the injury"); *see also Davis v. Richland Cnty. Council*, 372 S.C. 497, 500, 642 S.E.2d 740, 741 (2007) (stating public importance "standing may be conferred upon a party when an issue is of such public importance as to require its resolution for future guidance"); *Vicary v. Town of Awendaw*, 425 S.C. 350, 360, 822 S.E.2d 600, 605 (2018) (stating "this [c]ourt has previously declined to utilize the public importance exception in a zoning and annexation dispute" although it may apply in a case with unique facts).

We decline to address Lucey's remaining issues based on our affirmance of the circuit court's finding that Lucey lacked statutory standing.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address an appellant's remaining issues where the disposition of a prior issue was dispositive).

**AFFIRMED.**[3]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.