284 S.C. 469 (1985)
327 S.E.2d 348
Wilmarth SMITH, Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF SOCIAL SERIVCES, Respondent.
22256
Supreme Court of South Carolina.
Submitted January 23, 1985.
Decided March 12, 1985.
*470 Angela Scutero, of Palmetto Legal Services, Lexington, for appellant.
Bruce Holland, of S.C. Dept. of Social Services, Columbia, for respondent.
Submitted Jan. 23, 1985.
Decided March 12, 1985.
HARWELL, Justice:
This is an appeal under the Administrative Procedures Act (APA) from the denial of food stamps to the appellant Wilmarth Smith. We affirm.
The respondent Department of Social Services rendered its final agency decision on November 13, 1981. On December 10, 1981, the appellant filed a Petition for review of the decision in circuit court. The agency moved to dismiss the appeal on January 22, 1982, alleging that the Court lacked jurisdiction over the matter because the Petition failed to specify any error.[1] The appellant moved to amend her Petition on August 24, 1982. The trial court dismissed the appeal and did not consider the Motion to Amend.
The trial court correctly concluded that the unamended Petition was insufficient. We adopt his analysis of that issue.
"I conclude as a matter of law that the term `petition' as used in paragraphs (b), (c), and (d) of § 1-23-380 denotes more than a court paper phrased in broad, vague, and unspecific terms. Rather a petition which will suffice legally must be *471 one which will direct the court's attention to the abuse or abuses allegedly committed below through a distinct and specific statement of the rulings complained of. In short, the petition must include all that is necessary to enable the appellate court to decide whether the ruling complained of was erroneous. 4 Am. Jur. (2d), Appeal and Error, § 430 (1962).
Measured against this requirement, it is readily apparent that the petition filed by the appellant is both broad and unspecific, and there is no allegation which would explain why she believes the agency decision was wrong. In essence, the petition merely represents a statement by her that she is dissatisfied with the decision that she received from the agency below. She places this court, as a court of first review, in a situation in which it must review a large volume of written material with absolutely no guidance as to where to look for errors. This court must `grope in the dark' in order to identify errors which in actuality may not exist. Such a predicament has often been deplored by our State's highest court and used by that tribunal as a basis for the dismissal of an appeal. See Frederick Richards, Inc. v. Port City Glass & Mirror, Inc., 274 S.C. 558, 266 S.E. (2d) 67 (1980); Williams v. Regula, 266 S.C. 228, 222 S.E. (2d) 7 (1976); Barbee v. Poston, 277 S.C. 504, 289 S.E. (2d) 649 (1982); Burris v. State, 278 S.C. 151, 293 S.E. (2d) 309 (1982). Being aware that the Supreme Court dismissed these cases under Supreme Court Rules 4, it is nevertheless my conclusion that such a result is appropriate in this case and I therefore grant the Respondent's motion."
The appellant contends that the circuit judge erred in failing to consider her Motion to Amend. She relies on the policy of liberally allowing amendments to pleadings. We disagree. This policy does not apply to amendments made after expiration of the 30-day statutory period for filing the appeal. See S.C. Code Ann. § 1-23-380(b) (1983 Cum. Supp.).
The judgment below is, accordingly,
Affirmed.
LITTLEJOHN, C.J. and NESS, GREGORY and CHANDLER, JJ., concur.
NOTES
[1] The Petition alleged only that the action was for judicial review of a fair hearing denying the appellant food stamps; that the action was brought pursuant to § 1-23-380; and that the appellant had exhausted her administrative remedies and was "aggrieved by the final decision and entitled to judicial review."