606 S.E.2d 209

**Carolyn Songer AUSTIN, Appellant,**

v.

**BOARD OF ZONING APPEALS, Town of Hilton Head Island, South Carolina; W.J. Enterprises, Inc.; H.D.S. Builders, L.L.C.; Barbara M. Loebig, and National Bank of Commerce, Respondents.**

No. 3893.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2004.

Decided Nov. 22, 2004.

Mark Weston Hardee of Columbia, Matthew A. Gess of Beaufort, and Robert E. Austin, Jr., of Leesburg, FL, for Appellant.

Drew A. Laughlin and Gregory Milam Alford, both of Hilton Head Island, for Respondents.

KITTREDGE, J.:

This is an appeal from a decision of the Town of Hilton Head Island to grant a building permit. The Town's Board of Zoning Appeals upheld the issuance of the permit, and, on appeal, the circuit court affirmed the Board's decision. We also affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2002, the Town of Hilton Head Island issued a building permit for the construction of a single-family home on Lot 18 at the corner of Dune Lane and Jacana Street within the Town's corporate limits. The permit was approved for a structure that was set back twenty feet from Dune Lane and ten feet from Jacana Street. Carolyn Songer Austin, a neighboring property owner, believed the ten-foot setback on the Jacana Street side of Lot 18 was improper, and that the new home should be set back at least twenty feet from Jacana Street. She subsequently filed an application with the Town's Board of Zoning Appeals seeking rescission of that permit.

As part of the permitting process, the Town must ensure the proposed home site is designed with the appropriate setback distances from the street and neighboring property. These setback requirements are designed to preserve the aesthetic character of the surrounding neighborhood. As a general rule, the Town's Land Management Ordinance provides that single-family homes must be set back at least twenty feet from the street, but notes:

> For all corner lots, the 20 ft. adjacent street setback may be reduced to 10 ft. on the side of the residence. The 20 ft. adjacent street setback shall apply to the street having the highest number of average daily vehicle traffic (ADT) as determined by the Administrator. If both streets have equal ADT, the property owner may choose which street to apply the 20 ft. adjacent street setback.

In this case, it was determined there was no evidence that either Dune Lane or Jacana Street had higher average daily traffic, so the decision as to which street to apply the ten-foot setback was left to the property owner.

Austin disagreed. She claimed Jacana Street—not Dune Lane—had more daily vehicle traffic, thereby requiring the new home on Lot 18 be set back twenty feet from Jacana Street rather than Dune Lane. The Town's Planning Department examined the matter and determined "[t]here is no evidence that indicates that Jacana Street has a higher traffic volume than Dune Lane," and therefore concluded "the application of a ten-foot setback to [the Jacana Street] side of the property is correct." After conducting a hearing, the Board

accepted the Planning Department determination and informed Austin by letter that her request to rescind the building permit had been denied.

Austin appealed the Board's decision to the circuit court. Several months after filing her petition, Austin filed two motions with the circuit court that are relevant to the present appeal: first, she filed a motion to amend her petition to add two new grounds; and, second, she moved to supplement the record on appeal to include an additional plat depicting Lot 18 and the surrounding property. The circuit court denied both of these motions and ultimately affirmed the Board's decision. This appeal followed.

## *STANDARD OF REVIEW*

On appeal, we apply the same standard of review as the circuit court below: the findings of fact by the Board shall be treated in the same manner as findings of fact by a jury, and the court may not take additional evidence. S.C.Code Ann. § 6–29–840(A) (Supp.2003); *see also Heilker v. Zoning Bd. of Appeals for City of Beaufort,* 346 S.C. 401, 405, 552 S.E.2d 42, 44 (Ct.App.2001). In reviewing the questions presented by the appeal, the court shall determine only whether the decision of the Board is correct as a matter of law. *Id.* Furthermore, "[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Restaurant Row Assocs. v. Horry County,* 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.*

## *LAW/ANALYSIS*

Austin raises five issues on appeal: She claims (1) the Board failed to set out its final decision in writing as required by statute; (2) the circuit court applied the wrong standard of review; (3) the circuit court improperly denied the motion to amend the petition for appeal; (4) the circuit court improperly denied the motion to supplement the record on appeal; and (5) the Board lacked subject matter jurisdiction to issue its decision.

## 1. The Board's Final Decision

■ Austin first argues the circuit court erred in finding the Board's decision to deny her application was properly issued in writing as required by statute. We disagree.

■ South Carolina Code section 6–29–800 requires that "[a]ll final decisions and orders of the board must be in writing" and that "[a]ll findings of fact and conclusions of law must be separately stated ..." S.C.Code Ann. § 6–29–800(F) (Supp.2003). In the present case, the Board informed Austin of its decision by letter dated December 9, 2002, from the Town's Deputy Planning Director, David L. Recor. In relevant part, the letter advised Austin:

> Pursuant to testimony in this matter, the Board of Zoning Appeals concluded and made the following written findings:
>
> 1. There is no evidence that indicates that Jacana Street has a higher traffic volume than Dune Lane and therefore it was correct for the Department of Building and Fire Codes to issue a building permit with a ten (10) foot setback on the Jacana Street side of the affected property.
>
> The vote on the motion to uphold the administrative determination was 5–1 and therefore the appeal request was denied.

Austin contends this letter does not satisfy the statutory requirement that the Board's decision be in writing with findings of fact and conclusions of law separately stated. We find no reversible error. Though the statute does not specify the form the writing must take, it is well-settled that courts reviewing the decisions of zoning boards and other administrative agencies may look to written documents as well as records of proceedings as sufficient formats for final decisions. For example, in *Vulcan Materials Co. v. Greenville County Board of Zoning Appeals,* 342 S.C. 480, 536 S.E.2d 892 (Ct.App. 2000), this court upheld a circuit court finding that a transcript of a zoning board hearing constituted a sufficient final written decision. On the question of whether the transcript alone could satisfy the statutory requirement of a written decision, the court opined that "[g]enerally, the format of a final decision is immaterial as long as the substance of the decision is sufficiently detailed so as to allow a reviewing court to

determine if the decision is supported by the facts of the case." *Id.* at 494, 536 S.E.2d at 899; *cf. Massey v. City of Greenville Bd. of Zoning Adjustments,* 341 S.C. 193, 201, 532 S.E.2d 885, 889 (Ct.App.2000) (considering use of transcript but rejecting in part because it was virtually indecipherable).

In the present case, the evidence considered by the Board is clearly laid out in the transcript of the hearing. Reading this transcript together with the December 9, 2002, letter, therefore, provides sufficient basis for a reviewing court to determine whether the decision was supported by the facts of the case.

Our decision today, however, should not be interpreted as an indication that state and municipal agencies need not follow the mandate of section 6–29–800 and other statutory provisions requiring fully formed written final decisions. In the present case, the issue raised by Austin to the Board was limited to the narrow factual question of determining which of the two streets had a higher average traffic volume. While an exhaustive written decision may not be warranted when a narrow issue may be addressed succinctly by the Board, further detail will surely be required in more complicated cases. Indeed, thorough written findings and determinations eliminate potential confusion and ensure the will of the Board is accurately transmitted to the affected parties and reviewing courts.

## 2. Standard of Review

Austin next argues the circuit court applied the wrong standard of review. We disagree.

South Carolina Code section 6–29–840 prescribes the standard of review a circuit court should apply when considering an appeal from a local zoning board. In pertinent part, the statute provides: "The findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence." S.C.Code Ann. § 6–29–840 (Supp.2003). It is well-settled that "the factual findings of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings." *Sterling Dev. Co. v. Collins,* 309 S.C. 237, 240, 421 S.E.2d 402,

404 (1992) (emphasis added) (citing *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976)). In the present case, the circuit court articulated the standard of review in different terms, stating: "Factual findings of the zoning board of adjustment must be affirmed by the circuit court if there is *any evidence* to support them and if they are not influenced by an error of law." (emphasis added).

■ This variance in language is likely the result of confusion that arose after the Legislature enacted an entirely new statutory scheme for local planning and zoning in 1994 in which the standard of review as set out under section 6–29–840 was adopted.[1] Prior to the enactment of the new statute, the standard of review was phrased as an "any evidence" standard—identical to that articulated by the circuit court in the present case. As quoted above, the current statute clearly phrases the proper standard of review as a "no evidence" standard. Austin argues the failure of the circuit court to couch the standard of review in the precise language of section 6–29–840 is a fatal error requiring reversal. This argument is without merit.

We discern no material difference between the standard of review articulated by the circuit court and the standard prescribed by section 6–29–840. Looking carefully at the way the sentences are phrased in the court order and the statute reveals that the distinction between them, if any, is purely linguistic. The circuit court phrases the standard positively: The "findings ... *must be affirmed* ... *if there is* any evidence to support them." (emphasis added). On the other hand, section 6–29–840, by reference to the common law standard for reviewing a jury's findings of fact, adopts a standard of review generally phrased in the negative: The "findings ... *will not be disturbed unless* a review of the record discloses that there is no evidence which reasonably supports" them. (emphasis added). When these sentences are read as a whole, therefore, it is clear there is no meaningful difference in the quantum of proof required under the stan-

---

1. *See* 1994 S.C. Acts 4010 (enacting the South Carolina Local Government Comprehensive Planning and Enabling Act of 1994). All local planning programs were required to be in conformity with the Act within five years of its enactment. 1994 S.C. Acts 4036.

dard formulated by the circuit court and the standard pre-scribed under the statute.

We have confronted this issue before in *Vulcan Materials Co. v. Greenville County Board of Zoning Appeals,* 342 S.C. 480, 536 S.E.2d 892 (Ct.App.2000). In that case as in the present one, the court was asked to determine whether the circuit court applied the correct standard of review for an appeal of a zoning board decision when the lower court set out the standard using the "any evidence" language rather than the "no evidence" language. After detailing the history of the enactment of the new statute and the confusion it has caused regarding the proper standard of review, the court reached the same conclusion we do today:

> We have repeatedly held that the old statute, § 6–7–780, imposed an "any evidence" standard of review.... The new statute, § 6–29–840, is also very deferential to a board's findings of fact as it equates them to a jury's findings.... The distinction, if any, between an "any evidence" and a "no evidence" standard is of little importance to the instant action....

*Id.* at 488, 536 S.E.2d at 896.

We therefore find the standards of review set out by the circuit court and prescribed under section 6–29–840 are functionally equivalent. Austin's argument to the contrary is unpersuasive.

### 3. Motion to Amend

■ Austin next argues the circuit court erred in denying her motion to amend the petition to state additional grounds for her appeal. We disagree.

The procedures governing appeals of Board decisions to the circuit court are prescribed by statute. Section 6–29–820 requires that the aggrieved party must file a written petition with the clerk of court "setting forth plainly, fully, and distinctly why the decision is contrary to law." Furthermore, this petition "must be filed within thirty days after the decision of the board is mailed." S.C.Code Ann. § 6–29–820 (Supp.2003) The statute makes no provision for amendment of the grounds set forth in the petition.

Austin, however, argues the circuit court should have freely allowed amendments to the petition. Analogizing to the lenient notice pleading regime of our Rules of Civil Procedure, Austin asserts that parties should have the same latitude to amend petitions appealing a Board decision as they would when seeking to amend any pleading in a civil trial court. This argument misapprehends the function of the circuit court in this case. When reviewing a Board decision, the circuit court sits as an appellate court. Its review is strictly limited to the facts and arguments raised to the Board below. Indeed, the circuit court is expressly forbidden from considering any new facts. *See* S.C.Code Ann. § 6–29–840(A) (providing the circuit court "may not take additional evidence"). This is a stark contrast to the circuit court's role in its original jurisdiction as a fact finder. There, the Rules of Civil Procedure recognize the reality of the pre-trial and trial process that facts uncovered during the course of ongoing discovery and presentation of evidence necessitate that amendments to initial pleadings be freely allowed in order to conform to newly garnered facts. *See, e.g.,* Rule 15, SCRCP (providing that leave to amend pleadings "shall be freely given when justice so requires and does not prejudice any other party"). Therefore, it would be error for the circuit court to adhere to the rules designed to govern the conduct of civil trial litigation when sitting in its appellate capacity.

Our supreme court reached a similar conclusion in *Smith v. South Carolina Department of Social Services,* 284 S.C. 469, 327 S.E.2d 348 (1985). In that case, the appellant filed a petition in the circuit court for review of a final decision issued in a contested case before DSS. As in the present case, the procedure for seeking judicial review of the DSS decision was governed by statute mandating the petition for appeal be filed within 30 days of the Department's decision. *Id.* at 471, 327 S.E.2d at 349. The circuit court dismissed the appeal because the petition failed to specify an error, and it refused to consider the appellant's motion to amend the petition after the thirty day filing period had expired. *Id.* In upholding the circuit court's decision, the supreme court rejected the appellant's argument that her motion to amend should have been freely granted, opining: "The appellant contends that the circuit judge erred in failing to consider her Motion to Amend.

She relies on the policy of liberally allowing amendments to pleadings. We disagree. This policy does not apply to amendments made after expiration of the thirty-day statutory period for filing the appeal." *Id.*

Accordingly, we find the circuit court correctly refused Austin's request to amend the petition after the expiration of 30-day period for filing the appeal.

### 4. Motion to Supplement the Record

Austin next argues the circuit court erred by denying her motion to supplement the record with an additional plat. We disagree.

As noted in the discussion above, the scope of review for a circuit court reviewing the decision of the Board is strictly proscribed by statute. Section 6–29–840 states:

> The findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence. In the event the judge determines that the certified record is insufficient for review, the matter may be remanded to the zoning board of appeals for rehearing.

S.C.Code Ann. § 6–29–840(A) (Supp.2003).

██ Austin maintains the plat was admitted into evidence at the hearing before the Board, but that the Board, nevertheless, failed to include the plat in the record on appeal.[2] In support of her argument that the plat was considered by the Board, Austin draws our attention to the transcript of the Board hearing where the plat in question was mentioned. Specifically, a zoning board member asked a member of the Town's Planning Staff whether she provided the Board a copy of a plat she had just referenced in describing the setback requirements in the area surrounding Lot 18. The staff member replied that the plat had not been given to the Board. After canvassing the entire transcript of the hearing, we cannot discern from this fleeting reference sufficient indication that the additional plat was introduced into the record or that the zoning board relied upon it. Moreover, we are bolstered

---

2. The Board is responsible for preparing and filing the record on appeal. *See* S.C.Code Ann. § 6–29–830 (Supp.2003).

in this view by the fact that another plat depicting the area surrounding Lot 18 was expressly relied upon by the Board and included in the record on appeal.

The circuit court, therefore, did not abuse its discretion in refusing to supplement the record based solely on the briefest mention of an additional plat during the Board hearing.

### 5. Subject Matter Jurisdiction

 Finally, we address Austin's argument that the Board was without subject matter jurisdiction to uphold the issuance of the building permit. We find this claim is without merit.

Austin asserts that the Board's action upholding the building permit effectively "altered" Jacana Street, an action Austin maintains was in excess of the Board's statutorily prescribed authority.[3] This allegation stems from some questions raised at the Board hearing concerning whether the portion of Jacana Street that dead-ends into a pedestrian beach access had been classified as a "street" or "park." Homes built on private property abutting areas set aside as "parks" under the Town's Land Management Ordinance need only be set back a minimum of five feet rather than the ten and twenty feet setback distances applicable for streets.

In this case, the issue of whether the Board "classified," "altered," or otherwise viewed any part of Jacana Street as a park is of no consequence to any issue raised in her appeal. Austin invoked the jurisdiction of the Board to address the narrow question of whether the Town erred in issuing the building permit based on her contention that Jacana Street had a higher average daily traffic volume than Dune Lane. The Board's ruling only answered this question and did not in any way touch upon whether a portion of Jacana Street was classified as a park, for the Board authorized—consistent with the application—a ten-foot setback along Jacana Street, not a five-foot setback.[4]

---

**3.** Specifically, the Board has the authority "to hear and decide appeals where it is alleged there is error in an order, requirement, decision, or determination made by an administrative official in the enforcement of the zoning ordinance." S.C.Code Ann. § 6-29-800(A)(1) (Supp.2003).

**4.** We emphasize that the application for a building permit on Lot 18 sought a twenty-foot setback along Dune Lane and a ten-foot setback

This issue, and the confusion from which it arises, illustrates the Legislature's wisdom in requiring that boards of zoning appeals reduce their findings and conclusions to writing. Had the Board in this case prepared a detailed order or memorandum outlining its decision, the extent and effect of the Board's action would not be called into question. Nevertheless, we find the Board's decision to uphold the building permit did not exceed the bounds of its statutory authority.

## CONCLUSION

For the foregoing reasons, the order of the circuit court upholding the decision of the Board of Zoning Appeals to permit a twenty-foot setback along Dune Lane and a ten-foot setback along Jacana Street is

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

---

along Jacana Street. That is the precise relief approved by the Town Administrator and upheld by the Board. There is nothing in the record to suggest that the proposed residence for Lot 18 is subject to a five-foot setback along Jacana Street.