722 S.E.2d 22

**Margie Kay BLACK, Appellant,**

v.

**LEXINGTON COUNTY BOARD OF ZONING APPEALS,
Bill Reilly, and Reitech, LLC, Respondents.**

No. 4932.

Court of Appeals of South Carolina.

Heard Dec. 7, 2011.

Decided Jan. 25, 2012.

Rehearing Denied March 2, 2012.

454

Tobias Ward, Jr. and J. Derrick Jackson, both of Columbia, for Appellant.

James Edward Bradley, of West Columbia, and Jeffrey M. Anderson, of Lexington, for Respondents.

LOCKEMY, J.

Margie Kay Black appeals the circuit court's affirmation of the Lexington County Board of Zoning Appeals' (Board) approval of Reitech, LLC's application for a zoning variance. We affirm.

## FACTS

On July 7, 2009, Bill Reilly, on behalf of his company, Reitech, applied for a zoning variance for property (the Property) owned by Reitech in Leesville, South Carolina. Reitech operates a steel fabrication business on the Property.[1] The Property is a rectangular shape and is approximately 300 feet wide at its widest point. Reitech requested the zoning variance to bring an existing paint shed on the Property into compliance with the buffering restrictions in the Lexington County Zoning Ordinance (Zoning Ordinance). Reitech also sought the variance to accommodate a proposed sandblasting shed. Reilly asked the Board to grant a reduction in buffer from 125 feet to 31 feet, a reduction in setback from 250 feet to 31 feet, a reduction in total screening from 200 feet to 31 feet, and a reduction in partial screening from 300 feet to 31 feet.

On August 18, 2009, the Board held a public hearing to address the requested variance. Two of three adjoining property owners signed waivers agreeing to the variance, provided the sandblasting shed be constructed to lower the noise levels of the sandblasting equipment. At the hearing, Reilly admitted to the Board that after he received the waivers he constructed the sandblasting shed without a building permit. Black, the third adjoining property owner, opposed Reitech's variance request. Dave Almeida, Black's son-in-law, spoke on her behalf at the hearing, and expressed Black's concerns that the variance would lower the value of her property. Black was also concerned that Reilly built the sheds before applying for a building permit. After hearing arguments and comments, the Board voted to grant the variance request. In its

---

1. The former owner of the Property began operating a steel fabrication business on the Property in 1982. In 2001, the area was zoned for manufacturing (intermediate). According to the Board, the pre-existing activity and buildings on the Property qualify as a legal non-conformity.

Findings of Fact and Conclusions of Law, the Board found the variance was in compliance with Section 122.60 of the Zoning Ordinance which provides that the Board should not grant a variance unless it finds:

    a.   There are extraordinary and exceptional conditions pertaining to the particular piece of property.

    b.   These conditions do not generally apply to other property in the vicinity.

    c.   Because of these conditions, the application of the ordinance to the particular piece of property would effectively prohibit or unreasonably restrict the utilization of the property; and

    d.   The authorization of a variance will not be of substantial detriment to adjacent property or to the public good, and the character of the district will not be harmed by the granting of the variance.

On September 18, 2009, Black appealed the Board's decision to the circuit court. The circuit court affirmed the Board, finding Reitech presented sufficient evidence to support the variance as required by section 6–29–800 of the South Carolina Code (Supp.2010).[2] The circuit court further determined the Board's decision was reasonable, correct as a matter of law, and was not arbitrary, capricious, or an abuse of its discretion. Thereafter, Black filed a motion to alter or amend the judgment. Black argued the circuit court failed to specifically address each of her arguments on appeal. The circuit court denied Black's motion in a supplemental order addressing her arguments. This appeal followed.

## STANDARD OF REVIEW

On appeal, the findings of fact by the Board shall be treated in the same manner as findings of fact by a jury, and the court may not take additional evidence. S.C.Code Ann. § 6–29–840(A) (Supp.2010). "In reviewing the questions presented by the appeal, the court shall determine only whether

---

**2.** Section 6–29–800(A)(2) provides, "[a] variance may be granted in an individual case of unnecessary hardship if the board makes and explains in writing the following findings" and lists the same four factors as Section 122.60 of the Zoning Ordinance. S.C.Code Ann. § 6–29–800(A)(2) (Supp.2010).

the decision of the Board is correct as a matter of law." *Austin v. Bd. of Zoning Appeals,* 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct.App.2004). Furthermore, "[a] court will refrain from substituting its judgment for that of the reviewing body, even if it disagrees with the decision." *Restaurant Row Assocs. v. Horry Cnty.,* 335 S.C. 209, 216, 516 S.E.2d 442, 446 (1999). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." *Id.*

## LAW/ANALYSIS

### I. Unnecessary Hardship

■ Black argues the circuit court erred in affirming the Board's decision where Reitech claimed an unnecessary hardship based on conditions it created and zoning restrictions enacted before it purchased the Property. We disagree.

Pursuant to section 6–29–800(A)(2) of the South Carolina Code (Supp.2010), "[a] variance may be granted in an individual case of unnecessary hardship if the board makes and explains in writing" certain findings. Black argues Reitech cannot claim an unnecessary hardship as a matter of law. Citing *Rush v. City of Greenville,* 246 S.C. 268, 143 S.E.2d 527 (1965), Black argues "a claim of unnecessary hardship cannot be based upon conditions created by the owner nor can one who purchases property after the enactment of a zoning regulation complain that a nonconforming use would work an unnecessary hardship upon him." 246 S.C. at 278, 143 S.E.2d at 532. In *Rush,* Rush sought to rezone a portion of his property to construct a driveway for commercial use through a residential lot. 246 S.C. at 271, 143 S.E.2d at 528. Rush knew the property at issue was zoned residential when he purchased it, and he later tried to convert it to commercial use. 246 S.C. at 278, 143 S.E.2d at 532. Our supreme court determined Rush "failed to establish that the acts of the City Council of Greenville, in refusing to rezone the property in question or to grant a variance, were arbitrary, unreasonable and unjust." 246 S.C. at 282, 143 S.E.2d at 534. Similarly, Black has failed to show that the Board's decision to grant the variance was arbitrary or capricious.

## II. Expansion of an Existing Business

■ Black argues the circuit court erred in affirming the Board's decision where the requested zoning variance was for the expansion of an existing business. We disagree.

In its zoning variance application, Reitech stated it was requesting the variance because the layout of the Property will not allow any "new expansion." Black contends the Board's decision to grant the variance request should be overturned because a variance cannot be granted for an expansion. Citing section 6–29–800(A)(2)(d)(i), Black argues the "fact that property may be utilized more profitably, if a variance is granted, may not be considered grounds for a variance." S.C.Code Ann. § 6–29–800(A)(2)(d)(i) (Supp.2010). We find Black's argument is without merit. The Board did not find that by granting the variance request, the Property could be utilized more profitably. Instead, the Board determined the variance would allow for a reduction in the noise produced by the sandblasting equipment, and would create "an improvement for the adjacent properties, the public good, and the character of the district."

## III. Prohibit or Restrict the Use of Property

■ Black argues the circuit court erred in affirming the Board's decision because the application of the Zoning Ordinance does not effectively prohibit or unreasonably restrict the use of the Property. We disagree.

Pursuant to Section 122.60(c) of the Zoning Ordinance and section 6–29–800(A)(2)(c) of the South Carolina Code (Supp. 2010), a zoning board should not grant a variance unless "the application of the ordinance to the particular piece of property would effectively prohibit or unreasonably restrict the utilization of the property." Here, the Board determined sandblasting was a "normal and necessary accessory activity to a steel fabrication business" and that "without the structure to contain or reduce the noise," the activity would "continue to be in violation of the [Zoning] Ordinance." According to the Board, this would result in "continued persecution and the possible revocation of the Zoning Permit, which would therefore restrict the utilization of the [P]roperty as it was intended prior to zoning of the area." Black argues that if Reitech is seeking

to "expand an existing business" by adding the paint and sandblasting sheds, then the Zoning Ordinance is not prohibiting or unreasonably restricting the use of the property.

We find the application of the Zoning Ordinance would effectively prohibit or unreasonably restrict the utilization of the Property. As the Board determined, sandblasting is a "normal and necessary" activity in a steel fabrication business. If Reitech was unable to build its sheds, it would be unable to control the noise and fumes from the sandblasting and painting, and it would be in violation of the Zoning Ordinance. This would restrict Reitech from using the Property for steel fabrication. Accordingly, we find the Board's determination is correct as a matter of law and is not arbitrary, capricious, or an abuse of its discretion.

### IV. Exceptional and Extraordinary Condition

Black argues the circuit court erred in affirming the Board's decision where the Property's dimensions are not extraordinary or exceptional, and the same conditions generally apply to other property in the area. We disagree.

Pursuant to Section 122.60(a)-(b) of the Zoning Ordinance and section 6–29–800(A)(2)(a)–(b) of the South Carolina Code (Supp.2010), a zoning board should not grant a variance unless it finds "there are extraordinary and exceptional conditions pertaining to the particular piece of property" at issue, and "those conditions do not generally apply to other property in the vicinity." Here, the Board found the Property had an extraordinary and exceptional condition because the fabrication facility existed prior to the zoning of the area. The Board determined the buffering restrictions in the Zoning Ordinance created setbacks that made it "impossible for any feasible expansion or improvements." The Board further noted the Property contained the only steel fabrication facility in the area, and because the immediate area was "largely residential improved, rural unimproved, agricultural, and/or light commercial use, the same intense buffering restrictions do not apply to other properties in the vicinity." Black argues there are no exceptional or extraordinary conditions which pertain to the Property. Black also maintains there are a number of lots in the vicinity which are of a similar size and shape.

We find the Board's determination is correct as a matter of law and is not arbitrary, capricious, or an abuse of its discretion. Although other lots in the area may be of a similar size and shape, the Property contains the only steel fabrication operation in the area and that operation existed prior to the zoning of the area. Furthermore, other lots in the area are of residential, rural, agricultural, and light commercial use, and therefore, the same conditions do not apply to them. Because the buffering restrictions prevent Reitech from building the sheds, we find the Property is subject to an extraordinary and exceptional condition.

## CONCLUSION

Accordingly, the decision of the circuit court is

**AFFIRMED.**

HUFF and PIEPER, JJ., concur.