**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tobacco Merchant, Appellant,

v.

City of Columbia Zoning Administrator, Board of Zoning Appeals, and City of Columbia, Respondents.

Appellate Case No. 2012-212228

———————

Appeal From Richland County
W. Jeffrey Young, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-305
Submitted May 1, 2014 – Filed July 30, 2014

———————

**AFFIRMED**

———————

Darryl D. Smalls, of Darryl D. Smalls, Attorney at Law, of Columbia, for Appellant.

Peter M. Balthazor, of the Columbia City Attorney's Office, of Columbia, for Respondents.

———————

**PER CURIAM:** Tobacco Merchant appeals the circuit court's order affirming the decision of the City of Columbia's Board of Zoning Appeals (the Zoning Board), which upheld the City of Columbia's Zoning Administrator's determination that

Tobacco Merchant was operating as a drinking place without a special exception. On appeal, Tobacco Merchant argues the circuit court erred because: (1) its beer and wine sales constituted an accessory use to its primary use as a retail tobacco store; (2) the Zoning Board's final written decision failed to comply with state law and the City of Columbia's ordinances; (3) the City of Columbia (the City) was estopped from requiring Tobacco Merchant to obtain a special exception to operate a drinking place; (4) the Zoning Board's decision violated Tobacco Merchant's equal protection and due process rights; (5) the determination that Tobacco Merchant was a drinking place was a taking without just compensation; and (6) the Zoning Board's tie votes violated Tobacco Merchant's due process rights. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Tobacco Merchant's beer and wine sales constituted an accessory use: *Charleston Cnty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995) ("This [c]ourt will not reverse the [c]ircuit [c]ourt's affirmance of the [zoning board] unless [the b]oard's findings of fact have no evidentiary support or [the b]oard commits an error of law.").

2. As to whether the Zoning Board's final written decision was sufficient: S.C. Code Ann. § 6-29-800(F) (Supp. 2013) ("All final decisions and orders of the board must be in writing and be permanently filed in the office of the board as a public record. All findings of fact and conclusions of law must be separately stated in final decisions or orders of the board[,] which must be delivered to parties of interest by certified mail."); *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 34, 606 S.E.2d 209, 212 (Ct. App. 2004) ("[I]t is well-settled that courts reviewing the decisions of zoning boards and other administrative agencies may look to written documents as well as records of proceedings as sufficient formats for final decisions."); *Vulcan Materials Co. v. Greenville Cnty. Bd. of Zoning Appeals*, 342 S.C. 480, 494, 536 S.E.2d 892, 899 (Ct. App. 2000) ("Generally, the format of a final decision is immaterial as long as the substance of the decision is sufficiently detailed so as to allow a reviewing court to determine if the decision is supported by the facts of the case.").

3. As to whether the City was estopped from requiring Tobacco Merchant to obtain a special exception to operate a drinking place: *Quail Hill, LLC v. Cnty. of Richland*, 387 S.C. 223, 236, 692 S.E.2d 499, 506 (2010) ("As a general rule, estoppel does not lie against the government to prevent the due exercise of its police power or to thwart the application of public policy." (quoting *Greenville Cnty. v. Kenwood Enters.*, 353 S.C. 157, 171, 577 S.E.2d 428, 435 (2003))); *DeStefano v. City of Charleston*, 304 S.C. 250, 258, 403 S.E.2d 648, 653 (1991)

("[A governmental body] cannot be estopped . . . by the unauthorized or erroneous conduct or statements of its officers or agents which have been relied on by a third party to his detriment." (citation and internal quotation marks omitted)).

4.  As to whether the Zoning Board's decision violated Tobacco Merchant's equal protection and due process rights:  *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("[An] unchallenged ruling, right or wrong, is the law of the case and requires affirmance."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) ("[An appellant who] fails to provide arguments or supporting authority for his assertion . . . is deemed to have abandoned [the] issue.").

5.  As to whether the determination that Tobacco Merchant was a drinking place was a taking without just compensation:  *First Union Nat. Bank of S.C.*, 333 S.C. at 566, 511 S.E.2d at 378 ("[An] unchallenged ruling, right or wrong, is the law of the case and requires affirmance."); *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006) ("[A]n issue that is contingent, hypothetical, or abstract is not ripe for judicial review.").

6.  As to whether the Zoning Board's tie votes violated Tobacco Merchant's due process rights:  *First Union Nat. Bank of S.C.*, 333 S.C. at 566, 511 S.E.2d at 378 ("[An] unchallenged ruling, right or wrong, is the law of the case and requires affirmance."); *Jones*, 387 S.C. at 346, 692 S.E.2d at 903 ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.