**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Samuel T. Brick, Appellant,

v.

Richland County Planning Commission and Fairways Development, LLC, Intervenor, Respondents.

Appellate Case No. 2014-000583

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

Unpublished Opinion No. 2016-UP-261
Submitted February 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Samuel T. Brick, of Blythewood, pro se.

Andrew F. Lindemann and Michael Brian Wren, both of Davidson & Lindemann, PA, of Columbia, for Respondent Richland County Planning Commission; and Tobias Gavin Ward, Jr. and James Derrick Jackson, both of Tobias G. Ward, Jr., PA, of Columbia, for Respondent Fairways Development, LLC.

**PER CURIAM:**  Samuel T. Brick appeals from the circuit court's order dismissing his appeal from the Richland County Planning Commission, arguing the circuit court erred (1) by not applying collateral estoppel regarding Fairways Development, LLC's argument that it is a necessary party to the appeal, (2) by dismissing the case based on a lack of timely joinder because the joinder of a necessary party is not jurisdictional, and (3) in interpreting and applying a local government ordinance as it applied to a determination of indispensability regarding joinder of an intervening party.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the first issue:  *Newton v. Zoning Bd. of Appeals for Beaufort Cty.*, 396 S.C. 112, 116, 719 S.E.2d 282, 284 (Ct. App. 2011) ("Appellate courts regard appeals from zoning decisions in the same manner as appeals from other circuit court judgments in law cases."); *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 173-74, 656 S.E.2d 346, 351 (2008) (applying the standard of review used in an appeal from a zoning board to an appeal from a planning commission); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

2. As to the second issue:  Rule 74, SCRCP ("Except for the time for filing the notice of appeal, the procedure on appeal to the circuit court from the judgment of an inferior court or decision of an administrative agency . . . shall be in accordance with the statutes providing such appeals."); *id.* ("Notice of appeal to the circuit court must be served on all parties within thirty (30) days after receipt of written notice of the judgment . . . ."); S.C. Code Ann. § 6-29-1150(D)(1) (Supp. 2015) ("An appeal from the decision of the planning commission must be taken to the circuit court within thirty days after actual notice of the decision."); *Spanish Wells Prop. Owners Ass'n v. Bd. of Adjustment of the Town of Hilton Head Island*, 295 S.C. 67, 69, 367 S.E.2d 160, 161 (1988) ("A development permittee is a necessary party to an appeal of its permit."); *Smith v. S.C. Dep't of Soc. Servs.*, 284 S.C. 469, 471, 327 S.E.2d 348, 349 (1985) (holding an applicant for food stamps could not amend her appeal to the circuit court to include additional grounds for appeal after the thirty-day filing period expired); *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 38-39, 606

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

S.E.2d 209, 214 (Ct. App. 2004) (holding the rules of civil procedure allowing parties to amend their pleadings are inapplicable when the circuit court sits in its appellate capacity).

3. As to the third issue: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues if the determination of a prior issue is dispositive).

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**