**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert and Pamela Wilkes, Appellants,

v.

Town of Pawleys Island and Georgetown County Planning Commission, Respondents.

Appellate Case No. 2016-000029

———————

Appeal From Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-096
Submitted January 1, 2017 – Filed March 8, 2017

———————

**AFFIRMED**

———————

Brandon Todd Reeser, of Wilson & Heyward, LLC, of Charleston, for Appellants.

Norwood David DuRant, Jr., of Law Offices of N. David DuRant & Associates, of Surfside Beach, for Respondent Town of Pawley's Island.

Natale Fata, of Nate Fata, PA, of Surfside Beach, for Respondent Georgetown County Planning Commission.

———————

**PER CURIAM:** Robert J. Wilkes and Pamela J. Wilkes appeal the circuit court's order affirming a decision by the Town of Pawleys Island and Georgetown County Planning Commission (together "the Town"), which denied their request for a land variance, arguing: (1) the Town's Unified Development Ordinance checklist and tutorial constitute a zoning regulation that has the full force of law; (2) because the Town's Unified Development Ordinance checklist and tutorial constitute a zoning regulation, the Zoning Board of Appeals, Georgetown County Planning Commission, and the circuit court erred by not considering all applicable zoning regulations; and (3) they are entitled to their building permit as it complied with then-existing zoning and land-use regulations. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the checklist and tutorial did not constitute a zoning regulation: *Black v. Lexington Cty. Bd. of Zoning Appeals*, 396 S.C. 453, 457, 722 S.E.2d 22, 24 (Ct. App. 2012) ("On appeal, the findings of fact by the Board shall be treated in the same manner as findings of fact by a jury, and the court may not take additional evidence."); *id.* at 457-58, 722 S.E.2d at 24 ("In reviewing the questions presented by the appeal, the [reviewing] court shall determine only whether the decision of the Board is correct as a matter of law." (quoting *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct. App. 2004))); *Eagle Container Co., LLC v. Cty. of Newberry*, 379 S.C. 564, 570-71, 666 S.E.2d 892, 896 (2008) ("If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." (quoting *Miller v. Doe*, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994))); *CFRE, LLC v. Greenville Cty. Assessor*, 395 S.C. 67, 77, 716 S.E.2d 877, 882 (2011) ("[W]e will reject an agency's interpretation if it conflicts with the statute's plain language.").

2. As to whether the circuit court considered all zoning regulations and whether a permit was warranted: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address remaining issues when disposition of prior issue is dispositive).

**AFFIRMED.**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.