**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Charleston County School District, Appellant,

v.

Charleston County, South Carolina; The Charleston County Board of Zoning Appeals; and Joel Evans in his capacity as Director of the Charleston County Zoning and Planning Department, Respondents.

Appellate Case No. 2019-000125

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge,

———————

Unpublished Opinion No. 2021-UP-449
Heard November 3, 2021 – Filed December 15, 2021

———————

**AFFIRMED**

———————

Jamie A. Khan and Ross A. Appel, both of McCullough Khan, LLC, of Mount Pleasant, for Appellant.

Jeremy E. Bowers, of Barnwell Whaley Patterson & Helms, LLC, of Charleston; and Deputy County Attorneys Bernard E. Ferrara, Jr. and Edward L. Knisley, Jr., both of Charleston, all for Respondents.

———————

**PER CURIAM:** In this civil matter, the Charleston County School District (the District) appeals the circuit court's order affirming the findings of the Charleston County Board of Zoning Appeals (the BZA), which affirmed the administrative decision of the Charleston County Planning Director (the Planning Director) to deny the District's request seeking an extension to complete the conditions of its site plan approval issued pursuant to the Charleston County Zoning and Land Development Regulations Ordinance (the ZLDR). We affirm.

We find the circuit court did not err in affirming the BZA's finding that the District failed to timely appeal the Planning Director's decision. *See Boehm v. Town of Sullivan's Island Bd. of Zoning Appeals*, 423 S.C. 169, 182, 813 S.E.2d 874, 880 (Ct. App. 2018) (providing that this court applies the same standard of review as the circuit court in matters involving appeals from the BZA); *id.* ("In reviewing the questions presented by the appeal, th[is] court shall determine only whether the decision of the [BZA] is correct as a matter of law." (quoting *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 33, 606 S.E.2d 209, 211 (Ct. App. 2004)); S.C. Code Ann. § 6-29-840(A) (Supp. 2020) ("The findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence."). The Planning Director denied the District's request for an extension via letter to ADC Engineering, Inc. on February 28, 2018. Therefore, the District was required to file its application for an appeal to the BZA no later than March 30, 2018. *See* ZLDR § 3.7 (addressing the Planning Department's development procedures regarding site plan review); ZLDR § 3.7.8 ("Appeals shall be processed *in accordance with the procedures of Article 3.13* . . . ." (emphasis added)); ZLDR § 3.13.3 ("Appeals of Administrative Decisions to grant or deny a Zoning Permit shall be filed *within [thirty] calendar days from the date of the Administrative Decision*." (emphasis added)). However, the District did not file its appeal until April 18, 2018. Thus, the BZA did not err in finding the District failed to comply with the filing deadlines established within the ZLDR. Although the District contends its appeal to the BZA was timely pursuant to subsection 6-29-800(B) of the South Carolina Code (Supp. 2020),[1] we find the filing deadline contained within subsection 6-29-800(B) is not triggered because the ZLDR contains a specific time limit for appealing decisions regarding site plan review.

---

[1] *See* § 6-29-800(B) (providing that appeals to the BZA "must be taken within a reasonable time, as provided by the zoning ordinance . . . . If *no time limit is provided*, the appeal must be taken within thirty days from the date the appealing party has received actual notice of the action from which the appeal is taken" (emphasis added)).

In its application for an appeal to the BZA and in its appeals going forward, the District asserts the Planning Director additionally denied the extension request for the Project based on a "reinterpretation" of the definition of accessory use; however, the February 28, 2018 denial makes no such assertion. Rather, the Planning Director explained that since the February 9, 2017 approval had been rescinded for failing to complete the stated conditions of approval, the site plan review process for the Project would need to be repeated should the District wish to further pursue the Project. The Planning Department also notified the District of this procedure in the February 9, 2017 approval. In his March 13, 2018 email, the Planning Director clearly stated the interpretation would be applied to any *future applications* for site plan approval for the Project. Therefore, the District's challenge to the alleged "reinterpretation" is not ripe for review. *See Sloan v. Greenville County*, 356 S.C. 531, 547, 590 S.E.2d 338, 346 (Ct. App. 2003) ("The concept of justiciability encompasses the doctrines of ripeness, mootness, and standing."); *Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 353, 815 S.E.2d 446, 451 (2018) ("We have explained ripeness by defining what is not ripe, stating 'an issue that is contingent, hypothetical, or abstract is not ripe for judicial review.'" (quoting *Colleton Cnty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cnty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006))).

Based on the foregoing, the order of the circuit court is

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[2] Because our finding that the District failed to timely appeal the Planning Director's decision is dispositive, we decline to address the District's remaining arguments on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).